**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**MARTIN JOHN GONZALES,**

    **Petitioner,**

    **v.**                                     **No. 14-cv-0200 KG/SMV**

**JOHN SANCHEZ, et al.,**

    **Respondents.**

**MAGISTRATE JUDGE'S PROPOSED FINDINGS**
**AND RECOMMENDED DISPOSITION**

THIS MATTER is before me on Petitioner's Petition [Doc. 1], filed on March 3, 2014. On March 25, 2014, Petitioner also submitted a number of statements in support of his Petition. [Docs. 6–11]. Respondents filed their Answer on April 2, 2014, arguing that the Petition should be dismissed because Petitioner had failed to exhaust state remedies. [Doc. 13] at 6–7. No reply has been filed. The Honorable Kenneth J. Gonzales, United States District Judge, referred this matter to me for analysis and recommendation of an ultimate disposition. [Doc. 4]. Having reviewed the filings in this case and the relevant law, and being otherwise fully advised in the premises, I respectfully recommend that the Petition be denied for failure to exhaust state remedies and that this case be dismissed without prejudice.

**Background**

Petitioner is currently in the custody of Respondent John Sanchez, Warden of the Springer Correctional Facility, pursuant to the Order Revoking Probation (Commitment to Penitentiary) [Doc. 13-2] at 12–14, filed on February 5, 2013, in the Twelfth Judicial District Court, Otero County, cause no. D-1215-CR-200700129. Petitioner was released on probation

three times and had his probation revoked each time.  He now challenges the validity of the most recent sentence imposed on him by the state district court.

On August 13, 2007, Mr. Gonzales pled guilty to 11 counts of the fourth-degree felony of issuing a worthless check in violation of NMSA 1978, § 30-36-04.  [Doc. 13-1] at 5–15.  On August 21, 2007, the state district court withheld a judgment of guilt and placed Petitioner on a two-year period of probation.  [Doc. 13-1] at 1–3.  On February 16, 2009, the state district court entered its first order revoking probation after Petitioner failed to pay his probation costs, failed to report to his probation officer, and concealed his identity during a traffic stop.  *See* [Doc. 13-1] at 24; 32–35.  The state district court entered a judgment sentencing Petitioner to 11 years of incarceration, suspending all but 30 days, and ordered that he be placed on probation for the remainder of his sentence.  *Id.* at 33.

Petitioner tested positive for methamphetamine on August 10, 2009.  *Id.* at 42.  On December 29, 2009, the state district court again revoked Petitioner's probation and entered a new judgment, again sentencing Petitioner to 11 years of incarceration.  [Doc. 13-2] at 1–3.  Petitioner's sentence was suspended for all but three years, and Petitioner was placed on probation for the remainder.  *Id.* at 2.

On February 19, 2012, Petitioner again tested positive for methamphetamine.  *Id.* at 9–11.  On February 5, 2013, the state district court revoked Petitioner's probation for a third time.  *Id.* at 12.  The state district court ordered Petitioner to serve the 11-year term of imprisonment that it had previously suspended, offset by a one-day credit for pre-sentence incarceration on February 7, 2007, and credit for time served between August 13, 2007, and January 2, 2012.  *Id.* at 13.

2

Review of the state district court's docket indicates that Petitioner did not appeal the third revocation order.   [Doc. 13-3] at 32–35.   Rather, he filed a state-habeas petition on May 24, 2013, challenging his sentence on the grounds that he had not received credit for time spent on probation and that he had been improperly denied presentence-confinement credit for incarceration from April 1, 2012, through May 28, 2012, and from August 27, 2012, through February 14, 2013.  [Doc. 13-2] at 16–17.  He also argued that the second order revoking his probation required his sentence to end in 2016, and that the state district court's third order revoking his probation ignored the second order and restarted his 11-year sentence.  *Id.* at 16. The state district court denied the habeas petition on October 10, 2013.[1]  *Id.* at 25–26.  Petitioner did not appeal.[2]  *See* [Doc. 13-3] at 32–35; [Doc. 13] at 3.

Petitioner filed a second state-habeas petition on December 13, 2013.  [Doc. 13-3] at 1. In that petition, he raised the same arguments presented in his first state-habeas petition.  *Id.*  He also argued that the state district court could not impose more than five years of probation.  *Id.* He also argued that the state district court failed to credit him for all time served between December 16, 2009, and December 15, 2012.  *Id.* at 2, 9.  Lastly, he argued that he was

---

[1]  Respondents concede that the state district court erred in its calculations regarding presentence confinement credit for the probationary period between February 28, 2009, and December 15, 2009.  [Doc. 13] at 3 n.1. Respondents posit that the state district court should have allowed 290 days of credit instead of 209 days.  *Id.*

[2]  Although Petitioner states that he did not appeal, he posits that he did not appeal because prison staff opened his legal mail and lost the paperwork for filing a petition for certiorari, causing him to miss the deadline to appeal.  *See* [Doc. 1] at 2.

improperly denied the right to counsel on his first state-habeas petition.  *Id.* at 5.  The second state-habeas petition is still pending before the state district court.[3]  *Id.* at 30.

On March 3, 2014, Petitioner filed the instant federal-habeas Petition.  [Doc. 1].  He claims the state district court erred in three ways: (1) that he was improperly sentenced to more than five years of probation; (2) that his sentence failed to include eight months of presentence confinement credit for time served between April 1, 2012, and May 28, 2012, and between August 27, 2012, through February 14, 2013; and (3) that he was improperly denied the right to counsel on his state-habeas corpus petitions.

## Analysis

A petitioner under 28 U.S.C. § 2254 must exhaust all available state-court remedies before a federal court may review the petitioner's claims on their merits.  28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears the applicant has exhausted the remedies available in the courts of the State . . . .").  A claim is exhausted where the state courts are given "the opportunity to pass upon and correct alleged violations of [their] prisoners' federal rights."  *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (internal quotation marks omitted).  A state's highest court must normally be presented with the substance of the prisoner's federal claims before exhaustion occurs.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review

---

[3] Also pending are two motions to amend the judgment and sentence filed on March 4, 2014.  [Doc. 13-3] at 31. The pendency of these motions does not alter my analysis.

process.").  "Once the petitioner is made aware of the exhaustion requirement, no reason exists for him not to exhaust all potential claims before returning to federal court."  *Slack v. McDaniel*, 529 U.S. 473, 489 (2000).

I find that Petitioner has not exhausted the state-court remedies for any of the claims presented in this Court.  Although Petitioner included some of his present claims in his first state-habeas petition, simply filing a state-habeas petition is insufficient to exhaust Petitioner's claims.  Petitioner did not file an appeal after his first petition was denied.[4]  Accordingly, the New Mexico Supreme Court did not have an opportunity to rule on the merits of the claims included in that petition, and therefore, those claims are unexhausted.

Similarly, although Petitioner included all of his present claims in his second habeas petition, those claims are still unexhausted.  The second state-habeas petition is pending in state district court.  None of those claims have been presented to the New Mexico Supreme Court.  Accordingly, all of the claims in the instant Petition are unexhausted.

## <u>Recommended Disposition</u>

I find that Petitioner has failed to exhaust available state remedies on all of his claims.  Accordingly, I **RECOMMEND** that the Petition [Doc. 1] be **DENIED** and that this matter be **DISMISSED WITHOUT PREJUDICE**.

---

[4] I express no opinion on Petitioner's argument that state officials opened his legal mail and lost his paperwork for filing a certiorari petition.  *See* [Doc. 1] at 2.  However, Petitioner has not demonstrated that he will be unable to exhaust his claims.  *See* 28 U.S.C. § 2254(b)(1)(B).  Therefore, he is required to do so before presenting his claims to this Court.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**